IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No.: 8:17-cr-00676-JMC-12 |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Holly Renee Black, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Holly Renee Black is a prisoner currently serving a sentence of ninety (90) months in the Bureau of Prisons ("BOP"), followed by eight (8) years of Supervised Release. (ECF Nos. 711, 715.) This matter is before the court on Defendant's Motion for Compassionate Release. (ECF No. 1227.) For the reasons set forth below, the court **DENIES** Defendant's Motion for Compassionate Release. (*Id.*)

## I.    RELEVANT BACKGROUND

On July 18, 2017, the Grand Jury indicted Defendant and others with one (1) count of conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 851. (ECF No. 2.) Defendant pleaded guilty to the conspiracy charge on September 21, 2017. (ECF Nos. 226, 232.) On July 17, 2018, the court sentenced Defendant to ninety (90) months of imprisonment, followed by eight (8) years of Supervised Release. (ECF Nos. 711, 715.) She is currently incarcerated at Federal Prison Camp ("FPC") Alderson and is projected to be released on July 19, 2022. (ECF No. 1269 at 1 (citation omitted).)

Defendant filed the instant *pro se* Motion for Compassionate Release on December 4, 2020 (ECF No. 1227). The court appointed her counsel that same day. (ECF No. 1228.) Defense counsel

1

filed a Response in support of Defendant's Motion for Compassionate Release, contending that Defendant should be released because the request was timely, Defendant suffers from obesity and it places her at a greater risk of complication if she contracts COVID-19, and she is the only potential caregiver for her ailing father. (ECF No. 1261.) On March 15, 2021, the Government filed a Response in opposition to Defendant's Motion for Compassionate Release. (ECF No. 1269.)

## II.     LEGAL STANDARD

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. "As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence for 'extraordinary and compelling reasons' 'upon motion of the Director of the Bureau of Prisons' or 'upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Feiling*, 453 F. Supp. 3d 832, 837 (E.D. Va. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

"By its plain language, § 3582(c)(1)(A) requires defendants to first exhaust administrative remedies or wait thirty days after requesting that the warden of their facility file a motion for a sentence reduction; however, courts have waived this requirement when enforcing it would prove futile." *Id.*; *see also United States v. Kibble*, 992 F.3d 326, 330 n.2 (4th Cir. 2021).

"Extraordinary and Compelling Reason[s]" for release are—in part—defined in application notes (1)(A–D) of U.S.S.G. § 1B1.13. These reasons include whether (A) Defendant

2

suffers from a terminal illness, serious medical condition, serious functional or cognitive impairment, or deteriorating mental or physical health due to age which renders them unable to provide self-care; (B) Defendant is a defined age or has served a defined percentage of their sentence; (C) certain family circumstances compel the court; or (D) there exists some "other" extraordinary and compelling reason. *See id*. The policy statement further provides that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . .." U.S.S.G. § 1B1.13 cmt. n.3.

As the plain language of § 1B1.13 applies only to motions brought by the BOP on the defendant's behalf, it is not applicable to motions for compassionate release brought by the defendant on their own behalf. *United States v. McCoy*, 981 F.3d 271, 281–83 (4th Cir. 2020). While the policy statements "remain helpful guidance" in evaluating defendant's own motions, courts retain the discretion to make their own independent determinations of what constitutes an "extraordinary and compelling reason[]" under § 3582(c)(1)(A). *Id*; *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020).

After discerning whether extraordinary and compelling reasons exist, the court considers § 3553(a)'s sentencing factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the sentencing range established per the applicable guidelines; (5) any pertinent policy statement by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553.

Finally, the court may consider whether a person presents a "danger to the safety of any other person or the community" under the balance of four (4) factors: (1) the nature and

circumstances of the offense, with attention to the instant crime's level of violence or involvement with a controlled substance; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger posed to any person or the community upon the defendant's release. 18 U.S.C. § 3142(g).

### III.  ANALYSIS

Upon its review, the court observes that Defendant did not exhaust her administrative remedies prior to filing her Motion. Defendant filed the instant Motion for Compassionate Release on December 4, 2020, but failed to submit a request for compassionate release to the Warden at FPC Alderson.[1] (ECF No. 1227.) Due to Defendant not filing a request for release with the BOP thirty (30) days before filing her Motion for Compassionate Release, Defendant did not sufficiently exhaust her administrative remedies.

But even if the court waived the exhaustion requirement, Defendant's present circumstances would not merit compassionate release. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *Feiling*, 453 F. Supp. 3d 832 at 841. The mere existence of COVID-19 in society, and the possibility that it may spread throughout a particular prison, alone cannot justify compassionate release. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Here, Defendant cannot demonstrate "extraordinary and compelling" reasons for her release because she has not shown a particularized susceptibility to COVID-19.

Defendant asserts that her obesity and status as a long-term smoker place her at a greater

---

[1] Confirmed as of March 12, 2021, personnel at FPC Alderson had not received a reduction-in-sentence request from Defendant. (*See* ECF No. 1269-1.)

risk for complications if she contracts COVID-19. (ECF 1261.) The Centers for Disease Control does list obesity and status as a smoker as conditions that place one at an increased risk of becoming "severely ill" from COVID-19. *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html (last visited July 9, 2021). However, even assuming that Defendant is particularly vulnerable to COVID-19 because of her medical conditions, she has failed to show that she has a particularized risk of contracting the virus at FPC Alderson. There are currently zero (0) staff and zero (0) inmate COVID-19 cases at the facility. *See BOP COVID-19 Cases*, https://www. Bop.gov/coronavirus/index.jsp (last visited Aug. 26, 2021). FPC Alderson also has not had a single inmate or staff death attributed to COVID-19. (*Id.*)

Defendant asserts that her position as the only potential caregiver for her ailing father is an extraordinary and compelling reason warranting release. (ECF No. 1227.) The application notes of U.S.S.G. § 1B1.13 do list certain family circumstances that exist as extraordinary and compelling reason for release. *See id.* at cmt. n.1(A–D). Defendant has relayed that her father has recently been diagnosed with Renal Cell Carcinoma and lung, liver, kidney, and bone cancer. (ECF No. 1227 at 1.) Defendant has further posited that her brother, the only potential caregiving, lives more than an hour away from the father and is unable to care for the father on a daily basis. (ECF No. 1261 at 21.) Notwithstanding the seriousness of these circumstances, they do not qualify under the aforementioned application notes as an extraordinary and compelling reason for release.

However, even if Defendant presented an extraordinary and compelling reason for release, the factors enumerated in § 3553(a) weigh against Defendant's release. Defendant committed the crime that she is currently incarcerated for, conspiracy to possess with intent to distribute and distribution of methamphetamine, despite being previously convicted of similar charges. Her

5

criminal history began in 2004 (age 20) and includes convictions for manufacturing and/or distributing ice/crank/crack cocaine and possession of ice/crack cocaine; shoplifting in 2006; driving under suspension in 2010; unlawful neglect of child in 2011; theft by receiving stolen property, possession of drug related objects, receiving stolen goods, and shoplifting less than $2,000.00 in 2013; and possession with intent to distribute methamphetamine in 2014. (ECF No. 646 at 13–15.) She was also charged with possession of other controlled substances in 2013; manufacturing and/or distributing methamphetamine in 2014; shoplifting less than $2,000.00 in 2016; possession of a weapon during violent crime in 2016; and driving under suspension in 2017. (*Id.* at 16.) Given Defendant's pattern of committing crimes while out of custody, the court finds that Defendant's criminal history counsels against her release.

Since Defendant cannot demonstrate exhaustion of her administrative remedies or "extraordinary and compelling reasons" for her release, the court **DENIES** her Motion for Compassionate Release. (ECF No. 1227.)

## IV.     CONCLUSION

After a thorough review of the record, the court **DENIES** Defendant Holly Renee Black's Motion for Compassionate Release. (ECF No. 1227.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 26, 2021
Columbia, South Carolina